A90A0004. KING v. THE STATE.
(391 SE2d 660)

DEEN, Presiding Judge.

The appellant, Danny King, was convicted of simple battery, child molestation, and aggravated child molestation. In March 1988 King beat the woman with whom he had lived for five years. After King left to go to work, police were called to the scene, at which time the battery victim's four-year-old daughter indicated that King had molested her. A videotape interview of the child was conducted in which the child demonstrated that King had inserted a thermometer into her vagina. In October 1988 the child indicated that King had continued to molest her. During interviews and another videotape, the child described occasions when King had lain on top of her with his penis out; when King had actually inserted his penis inside her vagina; and when King had forced her to suck his penis and attempt to masturbate him. *Held*:

1. King contends that the trial court erred in finding the child victim, who was five years old at the time of trial, competent to testify. At the competency hearing, the child testified that taking an oath meant one had to tell the truth and that one would get punished for not telling the truth. The trial court thus did not err in finding the child victim competent to testify. *In the Interest of J. E. L.*, 189 Ga. App. 203 (375 SE2d 490) (1988).

2. King also contends that the trial court erred in admitting the

videotaped interviews of the child victim, without a hearing to determine the indicia of reliability of the statements. OCGA § 24-3-16 does not require such a hearing for that determination, *Reynolds v. State,* 257 Ga. 725 (2) (363 SE2d 249) (1988), but, in any event, the record shows that the trial court did in fact conduct such a hearing. Moreover, we find no error in the trial court's conclusion that reliability of the videotaped interviews was indicated by the neutrality of the interviewer and place of interview, and the spontaneity of the interviews conducted shortly after the alleged molestation.

3. The trial court properly denied King's motion to dismiss the criminal charges concerning the child molestation which asserted a denial of his constitutional right to cross-examine the child victim. Trial counsel was allowed to cross-examine the child, but complained that the child's testimony that she could not remember in response to many of his questions effectively denied the appellant the right to an effective cross-examination. However, the record shows that the child testified concisely and thoroughly about the acts of molestation on both direct and cross-examination, when asked. Almost all of the questions to which the child responded she could not remember addressed peripheral matters, and we agree with the trial court that no constitutional deprivation occurred.

4. Two physicians testified about their examinations of the child. One physician recounted that her March 1988 examination of the child revealed a vaginal opening exceeding 4 millimeters, which was abnormally large for a child her age and size; the hymen also was stretched and loose. The other physician testified that his October 1988 examination of the child revealed a vaginal opening considerably greater than 4 millimeters, with a stretched and flaccid hymen. He had not precisely measured the vaginal opening, but indicated that his thumb or finger could easily fit inside without hurting the child.

During closing argument, the prosecutor stated that the second physician had testified that the child's vagina was enlarged to a centimeter. The trial court overruled the appellant's objection that the prosecutor was arguing facts not in evidence, choosing instead to leave the matter up to the recollection of the jury. There is no question that the prosecutor's argument was literally inaccurate, although the statement may have been a permissible inference from the physician's testimony that the child's vaginal opening easily accommodated his finger or thumb. However, even if the prosecutor's statement was not a permissible inference, we find no harmful error since the real disputed issue did not concern the size of the child's vaginal dilation, but the cause of it. It is highly probable that the uncorrected argument of the prosecutor, which did not introduce a material fact not in evidence, did not contribute to the verdict. *Jones v. State,* 159 Ga. App. 704 (285 SE2d 45) (1981).

5. We find no reversible error in the trial court's disallowing defense counsel's cross-examination of certain State's witnesses about their knowledge of the child's sexual conduct with other children. Evidence of a victim's reputation for nonchastity is generally inadmissible in a child molestation case. *Vargas v. State*, 184 Ga. App. 650 (1) (362 SE2d 461) (1987), and, in any event, the appellant was allowed to adduce that evidence completely during the presentation of his defense.

6. King acknowledges that he acceded to trial counsel's recommendation that he not testify at the trial, but contends that the trial court should have conducted a hearing to determine whether King voluntarily waived his right to testify. He cites no authority for requiring such a hearing and we decline to establish it. The decision not to have a criminal defendant take the witness stand at trial is a matter of trial strategy that the appellate courts rarely second-guess. See *Young v. Ricketts*, 242 Ga. 559 (1) (250 SE2d 404) (1978).

7. There is no merit to King's contention on appeal that his trial counsel rendered ineffective assistance of counsel. King asserts two bases for finding ineffectiveness: (1) trial counsel's failure to have King testify; and (2) trial counsel's failure to object to the competency of the child as a witness.

"A case may arise where the refusal by counsel to put the defendant upon the stand would require a finding of ineffective assistance of counsel; however, we do not find such circumstances present in this case." *Young v. Ricketts*, supra at 561. Concerning the competency of the child, the record shows that the trial court conducted the pre-trial hearing to determine the competency of the child as a witness, pursuant to trial counsel's motion. As discussed in Division 1, the evidence supported the trial court's finding of competency, and trial counsel's failure to object further to the finding of competency was not ineffective assistance of counsel. As Judge Bleckley noted, "[t]o yield a false position, as soon as it is discovered to be false, argues true professional manhood. Nothing but truth, or what is believed to be truth, is worthy to be championed by a lawyer." *Clower & Culpepper v. Wynn*, 59 Ga. 246, 248 (1876).

*Judgment affirmed. Pope, J., concurs. Beasley, J., concurs in Divisions 1, 2, 3, 4, 5, and 7 and in the judgment.*

DECIDED FEBRUARY 12, 1990 —
REHEARING DENIED FEBRUARY 27, 1990 — 

*Ronald C. Conner*, for appellant.
*Robert F. Mumford*, District Attorney, *Nancy F. Nash*, Assistant

*District Attorney*, for appellee.