## A91A0950. KELLEY v. THE STATE.
(411 SE2d 276)

BEASLEY, Judge.

Appellant, Oscar Dwight Kelley, was convicted of criminal attempt to commit murder (OCGA § 16-4-1), aggravated assault (OCGA § 16-5-21), and burglary (OCGA § 16-7-1). He was sentenced as a repeat offender (OCGA § 17-10-7).

Appellant was employed as a gardener and handyman at an apartment complex in Cherokee County. The victim, a 22-year-old woman living in one of the apartments, returned to her apartment alone at approximately 10:00 p.m. She heard a noise in her bedroom and thought it was her boyfriend. She went to the television set to change the channel, and when she turned around the appellant was coming toward her with a knife in his hand. She ran to the door but he blocked her exit. He threw her against the wall, put a knife to her neck, and told her not to scream. Nonetheless, she started screaming, and he began stabbing her. She was able to kick him in the groin, whereupon he fled the apartment through the window in the victim's bedroom which he had used to gain entry. A pocketbook with money was stolen from the apartment.

Appellant was arrested later that night. A knife and clothes with blood on them were found in his car and apartment. Hair samples on the knife matched the victim's hair; blood on the clothing matched the victim's blood.

1. Appellant contends that the trial court erred in sentencing him for the offenses of aggravated assault and attempted murder since the two offenses merged.

In this case the attempt to commit murder and the aggravated

assault counts of the indictment were both based on allegations that appellant had stabbed the victim with a knife. Consequently, each crime was established by proof of the same facts, except that criminal attempt required proof that defendant intended to commit murder whereas assault with the knife, as charged, did not require proof of specific intent. OCGA § 16-5-21 (a) (2). Therefore, the aggravated assault conviction merged into the criminal attempt to commit murder conviction. See OCGA §§ 16-1-7 (a); 16-1-6 (a); *Mitchell v. State*, 187 Ga. App. 40, 44 (4) (369 SE2d 487) (1988); *Mills v. State*, 187 Ga. App. 79, 80 (4) (369 SE2d 283) (1988).

2. Appellant contends that the trial court erred in not directing a verdict of not guilty on the burglary count.

"A person commits the offense of burglary when, without authority, and with the intent to commit a felony or theft therein, he enters or remains within the dwelling house of another . . . " OCGA § 16-7-1 (a). The indictment alleged that appellant committed the offense of burglary when "without authority with the intent to commit a felony therein to wit: Aggravated Assault, did enter the dwelling of another . . . "

Appellant argues that the evidence was insufficient to authorize the jury to find beyond a reasonable doubt that the original entry into the apartment was for the purpose of committing an aggravated assault (as opposed to theft), the victim not having been at home when he entered the apartment. The evidence showed that the victim had only been home for a few minutes when appellant attacked her rather than fleeing the apartment. There was also evidence that he had attempted to coax a 14-year-old girl into his car only hours before the attack on the victim. Generally, specific intent must be proved by circumstantial evidence, and the question of whether a burglary defendant intended to commit a given felony when he entered a dwelling is for determination by the jury under the facts and circumstances proved. *Coney v. State*, 125 Ga. App. 52, 54 (1b) (186 SE2d 478) (1971).

The evidence was sufficient to have authorized a rational trier of fact in finding appellant guilty of burglary beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

3. However, the burglary conviction must be set aside based on the meritorious contention that the court erred by failing in its charge to the jury to define rape.

The court charged that either "assault with a deadly weapon" or "assault with the intent to commit rape" could constitute "aggravated assault." The trial court defined the crime of assault and the meaning of the term "deadly weapon" but did not define the crime of rape. See OCGA § 16-6-1 (a). When asked if there were any exceptions to the

charge, appellant did except to the jury charge on assault with intent to commit rape, as not being supported by the evidence, but did not complain of the failure to define the offense of rape.

After deliberating, the jury returned to the courtroom stating that they were confused about, and requested a recharge on, the following: "Did unlawfully then and there without authority with the intent to commit a felony therein, to wit aggravated assault." In recharge, the court again did not define the crime of rape. When asked if there were any additional questions, the foreperson replied that there were not. Appellant renewed his earlier objection that there was no evidence of intent to commit rape and also complained that the recharge unduly emphasized "that particular charge with intent to rape."

It cannot be determined from the verdict, which reads "guilty on all 3 counts," whether the jury convicted appellant of burglary based on entry with intent to commit an assault with a deadly weapon or an assault with intent to commit rape. The omission of a definition of the elements of rape constitutes error requiring reversal of the burglary conviction, even in the absence of a request to so charge. *Phelps v. State*, 192 Ga. App. 193, 194 (1) (384 SE2d 260) (1989). See OCGA § 5-5-24 (c). Appellant is entitled to a new trial on this count.

*Judgment affirmed in part and reversed in part. Banke, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 3, 1991 —
RECONSIDERATION DENIED SEPTEMBER 30, 1991.

*Wallace W. Rogers, Jr.*, for appellant.
*Garry T. Moss, District Attorney, Gregory A. Hicks, Assistant District Attorney*, for appellee.

