A92A1191. HUSSEY v. THE STATE.
(424 SE2d 374)

SOGNIER, Chief Judge.

Peter Hussey was found guilty of two counts of simple battery and one count of battery at a non-jury trial, and he appeals.

1. Appellant was charged in the accusation with two counts of simple battery, OCGA § 16-5-23 (a) (1) (intentionally making physical contact of an insulting and provoking nature) and (a) (2) (intentionally causing physical harm), and with the offense of battery, OCGA § 16-5-23.1 (intentionally causing visible bodily harm), all arising out of a confrontation he had with Mary Catherine Partridge on December 2, 1990. The State concurs with appellant that the trial court erred by sentencing appellant on all three counts in the accusation, rather than merging the two counts of simple battery with the battery, given that the evidence at trial established that each crime was established by proof of the same facts, except that the battery charge required proof that the defendant caused visible bodily harm. See OCGA §§ 16-1-6 (1); 16-1-7. See generally *Kelley v. State*, 201 Ga. App. 343, 344 (1) (411 SE2d 276) (1991). Accordingly, this appeal is remanded to the trial court with direction to vacate the convictions on the simple battery counts and sentence appellant solely on the battery count. See Division 2, infra.

2. Appellant contends the evidence was insufficient to support his conviction for battery. OCGA § 16-5-23.1 provides that a person commits the offense of battery when he intentionally causes "visible bodily harm to another," which is defined as "bodily harm capable of being perceived by a person other than the victim and may include,

but is not limited to . . . substantial bruises to body parts." Id. at (b).

At trial, Partridge testified that she went to appellant's home to recover a radar detector belonging to her father that had been left in a vehicle driven by Partridge's boyfriend, an employee of appellant, when appellant had retrieved the vehicle. Partridge testified that after appellant told her he would return the radar detector only in exchange for a radio in the possession of Partridge's boyfriend, he invited her inside his home so that she could use the telephone to contact her boyfriend. Partridge was not able to locate her boyfriend. She testified that although appellant then ordered her off the property, he allowed her to remain to place a call to the boyfriend's father, William F. Haggerty. Partridge testified that while appellant and Haggerty spoke, she saw the vehicle through the door to the garage and stepped into the garage to see if the radar detector was in the vehicle. She testified that appellant grabbed her, and when she jerked away he grabbed her again and threw her to the ground. He then pushed her out of the garage by holding onto one of her arms while prodding her with his foot. The force of the physical contact left Partridge badly bruised on both her upper arms and on one knee. Photographs showing the bruising were admitted into evidence.

Haggerty testified that in his conversation with appellant, appellant cursed him, spoke in an angry, out-of-control voice, and stated he was going to kick Partridge out of the house.

Appellant testified that he did not invite Partridge into his home, but that after explaining to her that he had arranged with her boyfriend to exchange the radar detector for the radio, she ignored his dozen or more requests that she leave his home and began searching for the detector, opening the cabinets in his kitchen. He testified that Partridge then went into the garage and he followed after hearing something strike his vehicle's fender. He stated he found Partridge inside the vehicle where she had cracked the cover of the center console in her attempt to force it open. He testified he grabbed her to keep her from damaging the vehicle, but when he realized he could not break the hold she had on the vehicle's roof, he reached around her waist, picked her up, and walked her the four feet to the garage door, and set her outside. Appellant denied knocking Partridge to the ground. The record reveals that appellant is nine inches taller and 70 pounds heavier than Partridge.

This evidence was sufficient to enable a rational trier of fact to find appellant guilty as charged beyond a reasonable doubt under the standard in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See *Danzis v. State*, 198 Ga. App. 136, 137-138 (4) (400 SE2d 671) (1990).

*Judgment affirmed in part and vacated and remanded with direction. McMurray, P. J., and Cooper, J., concur.*

Decided November 2, 1992.

*Donald C. Turner*, for appellant.
*Patrick H. Head, Solicitor, Benjamin M. First, Clifford L. Granger, Jr., Assistant Solicitors*, for appellee.