## A92A1632. PETERS v. THE STATE.

(424 SE2d 372)

POPE, Judge.

Defendant Joseph Peters appeals his conviction for two counts of child molestation and one count of enticing a child for indecent purposes.

1. In his sole enumeration of error, defendant argues the trial court committed reversible error by allowing a teenaged friend of the victim to testify regarding hearsay statements made to her by the victim. At trial defendant objected to the witness' testimony on the basis that conversations or "secret telling" between two teenaged girls is inherently unreliable because they do not have the maturity to understand the serious implications of allegations of child molestation.

The Child Hearsay Rule, OCGA § 24-3-16, is an exception to the hearsay rule. It provides "[a] statement made by a child under the age of 14 years describing any act of sexual contact or physical abuse performed with or on the child by another is admissible in evidence by the testimony of the person or persons to whom made if the child is available to testify in the proceedings and the court finds that the circumstances of the statement provide sufficient indicia of reliability." In *Gregg v. State*, 201 Ga. App. 238, 240 (411 SE2d 65) (1991), we set forth certain factors the trial court should consider when deciding if statements should be admitted pursuant to OCGA § 24-3-16. The factors include: "(1) the atmosphere and circumstances under which the statement was made (including the time, the place, and the people present thereat); (2) the spontaneity of the child's statement to the persons present; (3) the child's age; (4) the child's general demeanor; (5) the child's condition (physical or emotional); (6) the presence or absence of threats or promise of benefits; (7) the presence or absence of drugs or alcohol; (8) the child's general credibility; (9) the presence or absence of any coaching by parents or other third parties before or at the time of the child's statement, and the type of coach-

ing and circumstances surrounding the same; and, the nature of the child's statement and type of language used therein; and (10) the consistency between repeated out-of-court statements by the child." (Emphasis omitted.) Id. at 240 (3) (b). Applying these factors to the facts of this case, we hold the trial court correctly admitted the testimony in question pursuant to OCGA § 24-3-16. At the time the victim related this story to the witness both young women were 13 years old. There was no evidence to suggest the victim had a tendency to exaggerate or falsify information. The victim's friend testified that discussing the acts of molestation obviously upset the victim and she began to cry. All of the victim's out-of-court statements and her in-court testimony were consistent. Also, the victim consistently stated that the reason she did not tell anyone about the acts of molestation until she was 13 was because the defendant, her stepfather, threatened to kill her mother and harm her if she told.[1] No one was present at the time of the conversation between these young women to coach the victim in any manner. All circumstances indicate that the victim's statement to her friend had a sufficient indicia of reliability to render it admissible pursuant to OCGA § 24-3-16.

We refuse to hold, as defendant urges, that in order for the statement of a child to be admissible under the Child Hearsay Rule the witness relating the statement must be an adult. There is nothing in the language of the statute to suggest that the Georgia legislature's intent was that only adults could present testimony under the statute; instead, any competent person may present such testimony. See OCGA §§ 24-9-1 and 24-9-5. In this case, the trial court conducted a hearing to determine the competency of this witness and she was shown to be competent to testify. We find no error in the trial court's admission of the testimony on the basis urged by defendant.

2. Defendant also argues that the admission of the testimony of the teenaged witness was error because it impermissibly placed his character in issue and related to an incident which allegedly occurred well before seven years prior to the return of the indictment. Our review of the record reveals that the only objection the defendant raised

---

[1] Defendant urges us to hold that because the act of molestation the victim described to her friend allegedly occurred when she was seven years old and the victim was thirteen years old at the time she told her friend, the span of time between the alleged abuse and the statement renders the statement unreliable. However, the victim testified that the defendant continued to molest her until she was 12 years old. Thus, at most a few months expired between the last occurrence of molestation and her statement to her friend. See Gregg, 201 Ga. App. at 241 (3) (b); Newberry v. State, 184 Ga. App. 356, 358 (2) (361 SE2d 499) (1987). That the victim did not relate all of the incidents of abuse to her friend and did not tell her about the most recent molestation acts does not preclude a finding that the victim's statement possessed sufficient indicia of reliability to render it admissible. From the victim's testimony at trial, it is clear that the occurrence she told her friend about was the most serious of the alleged acts of molestation.

at trial to the testimony in question was the competency of the witness. It is well-settled that " '[e]numerations of error which raise questions for the first time on appeal present nothing for decision.' . . . *Martin v. State,* 196 Ga. App. 145, 148 (4) (395 SE2d 391) (1990)." *Miller v. State,* 201 Ga. App. 374, 375 (2) (411 SE2d 112) (1991).

*Judgment affirmed. Carley, P. J., and Johnson, J., concur.*

DECIDED NOVEMBER 2, 1992.

*Keith A. Pflepsen,* for appellant.
*David E. Perry, District Attorney, Melinda I. Ryals, Assistant District Attorney,* for appellee.