A93A0432. KNIGHT v. THE STATE.

(435 SE2d 682)

McMURRAY, Presiding Judge.

Defendant Knight appeals his conviction of the offenses of one count of child molestation, two counts of aggravated sodomy, and two counts of aggravated child molestation. Held:

1. Defendant contends that the trial court erred in permitting a videotape of a police interview of the victim to be played before the jury arguing that the tape failed to provide sufficient indicia of reliability. A redacted version of the videotape was played at trial following the testimony of the nine-year-old victim. The proof presented by the State related to incidents which occurred when the victim was six through eight years of age.

"The Child Hearsay Rule, OCGA § 24-3-16, is an exception to the hearsay rule. It provides '(a) statement made by a child under the age of 14 years describing any act of sexual contact or physical abuse performed with or on the child by another is admissible in evidence by the testimony of the person or persons to whom made if the child is available to testify in the proceedings and the court finds that the circumstances of the statement provide sufficient indicia of reliability.' In Gregg v. State, 201 Ga. App. 238, 240 (411 SE2d 65) (1991), we set forth certain factors the trial court should consider when deciding if statements should be admitted pursuant to OCGA § 24-3-16. The factors include: '(1) the atmosphere and circumstances under which the statement was made (including the time, the place, and the people present thereat); (2) the spontaneity of the child's statement to the persons present; (3) the child's age; (4) the child's general demeanor; (5) the child's condition (physical or emotional); (6) the presence or absence of threats or promise of benefits; (7) the presence or absence of drugs or alcohol; (8) the child's general credibility; (9) the presence or absence of any coaching by parents or other third parties before or at the time of the child's statement, and the type of coaching and circumstances surrounding the same; and, the nature of the child's statement and type of language used therein; and (10) the consistency between repeated out-of-court statements by the child.' (Emphasis omitted.) Id. at 240 (3) (b)." Peters v. State, 206 Ga. App. 143

(1) (424 SE2d 372). "These factors are to be applied neither in mechanical nor mathematical fashion, but in that manner best calculated to facilitate determination of the existence or absence of the requisite degree of trustworthiness. Nor does the fact that the statement is made days, weeks, or even 'several months after the alleged incident,' in and of itself make the statement unreliable. [*Newberry v. State*, 184 Ga. App. 356, 358 (2) (361 SE2d 499).]" *Gregg v. State*, 201 Ga. App. 238, 241 (3b) (411 SE2d 65).

Applying these factors to the facts of the case sub judice, we hold the trial court correctly admitted the evidence in question pursuant to OCGA § 24-3-16. After a brief initial contact in the office of the investigating police officer, the interview with the victim was conducted at the Georgia Center for Children in a purpose built interview room furnished like a residential living room. The video cameras were concealed behind a two-way mirror, and only the officer dressed in civilian clothes and the victim were present in the room. The officer generally used open-ended questions which permitted the victim to tell her story in her own words and there was no evidence of any coaching, or inconsistent statements by the child. Our reading of the transcript of the interview, revealed the child, who was eight years old at the time of the interview, to be reasonably calm, composed, and coherent, and to understand the need for truthfulness.

Relying upon *King v. State*, 194 Ga. App. 662 (2) (391 SE2d 660), defendant complains that the interviewer was not neutral and that the place of the interview was not neutral ground. While the assertion that neither was neutral is arguably correct when directed to the goals of both the police officer and of the organization which provided the interview room, it is not accurate when applied to conduct. The reference to a neutral interviewer and place of interview in *King* should be recognized as relating to the atmosphere, circumstances, and manner in which the interview was conducted. *King* does not bar admission of interviews of young victims of sexual abuse by law enforcement officers. Such cases merely require that the officer conduct the interview in a manner conducive to eliciting the truth. This requirement was satisfied in this instance.

Defendant also argues that the interval of time between the commission of the offenses and the making of the videotape precludes any possibility of spontaneity. While we acknowledge the relevance of such chronological intervals which must be considered along with other factors, we find no authority for the bright-line rule advocated by defendant. Contrary to defendant's argument, our refusal to accept the apparent spontaneity of the child's statement in the videotape in *Rolader v. State*, 202 Ga. App. 134, 141 (1) (413 SE2d 752) did not arise from the passage of nine days between the molestation and the making of the videotape, but from the evidence of repeated question-

ing of the child by several adults during that interval. This enumeration of error is without merit.

2. In his second enumeration of error, defendant contends that the playing of the videotape of the interview with the victim before the jury constituted an impermissible bolstering of the victim's testimony. *Cuzzort v. State*, 254 Ga. 745 (334 SE2d 661) held that where the veracity of a witness is at issue, and the witness is present at trial, under oath and subject to cross-examination, the prior consistent out-of-court statement of the witness is admissible as substantive evidence of the matter asserted. Defendant's argument rests primarily upon language from *Reynolds v. State*, 257 Ga. 725 (1) (363 SE2d 249) where the Supreme Court noted that *Cuzzort* did not decide whether such statements were admissible over an objection that they bolstered the witness' in-court testimony. In *Reynolds* the bolstering issue was not reached since it had not been raised below. However, other Supreme Court cases which have reached this issue have uniformly decided the matter adversely to defendant. *Moon v. State*, 258 Ga. 748, 758 (28) (375 SE2d 442); *Lumpkin v. State*, 255 Ga. 363, 365 (4) (338 SE2d 431); *Edwards v. State*, 255 Ga. 149, 150 (2) (335 SE2d 869).

3. In his final enumeration of error, defendant contends that OCGA § 24-3-16 works an unconstitutional deprivation of his due process rights under the Constitution of Georgia and under the Sixth and Fourteenth Amendments of the United States Constitution in that it permits the introduction of hearsay without a showing of "necessity." Defendant argues that the introduction of the videotape of the victim's out-of-court statement was improper because there was no showing of necessity since the victim was available for questioning. This argument reflects a misunderstanding of the meaning of "necessity" when used in this context as one of two prerequisites for admission of hearsay. The rule of necessity may be satisfied not only by showing that the declarant is not available for trial, but alternatively by producing the declarant at trial available to testify. *Jackson v. State*, 202 Ga. App. 582, 586 (2) (414 SE2d 905); *Patterson v. State*, 202 Ga. App. 440, 443 (4) (414 SE2d 895). Thus, in this case, the necessity requirement was satisfied by the fact that the victim was a witness at trial whom defendant was permitted to cross-examine.

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED AUGUST 20, 1993 —
RECONSIDERATION DENIED SEPTEMBER 13, 1993.

*John H. Tarpley*, for appellant.
Kenneth E. Knight, *pro se*.

*J. Tom Morgan, District Attorney, Barbara B. Conroy, Anne G. Maseth, Stacy Y. Cole, Assistant District Attorneys*, for appellee.