A98A1900. WILLIAMS v. THE STATE.
(506 SE2d 237)

ELDRIDGE, Judge.

Jeffery Williams appeals a Richmond County jury's verdict finding him guilty of the burglary of a J. B. White store in Augusta. We affirm.

1. Williams challenges the sufficiency of the evidence in support of his conviction. Specifically, Williams contends that the only testimony connecting him to the crime was that of his co-defendant, Sheila Mitchell, and that her testimony was not sufficiently corroborated.

"In Georgia, a defendant may not be convicted on the uncorroborated testimony of an accomplice. OCGA § 24-4-8. The corroboration must be independent of the accomplice's testimony and it must connect the defendant to the crime or lead to the inference that he is guilty. However, the corroborating evidence need not of itself be sufficient to warrant a conviction of the crime charged. Slight evidence from an extraneous source identifying the accused as a participant in the criminal act is sufficient corroboration of the accomplice to support a verdict. The corroborating evidence may be circumstantial." (Citation and punctuation omitted.) *Givens v. State*, 227 Ga. App. 861, 862 (490 SE2d 530) (1997).

Here, Williams' indicted co-defendant Sheila Mitchell took the

stand and testified that close to midnight on the incident date, she and Williams were driving in her red, four-door Chevrolet rental car. Mitchell stopped at a local Food Lion to buy cigarettes. When she went inside, Williams drove off in Mitchell's rental car. After discovering that she had been left, Mitchell began walking. Several blocks later, Mitchell spotted the car; Williams, an African-American male, was driving. She testified that Williams "pulled up, he got out . . . [a]nd he hit the glass and went inside" the J. B. White store. Williams returned to the car and drove off. Mitchell testified that she then continued across town until she found the car on Luckie Street at the home of a mutual friend. The car had pairs of Tommy Hilfiger shorts inside. Mitchell testified that she told Williams that she saw what he had done; Williams replied that Mitchell "didn't supposed to see that."

By way of corroboration, the State produced evidence that the police received a burglary call to the J. B. White store at close to midnight, as testified to by Mitchell. The entry into the store was made through a front window next to the road and that the store window had been "hit" with a brick or rock, as testified to by Mitchell. At the time of the burglary, the store's security video camera recorded the presence of a red four-door car driven by an African-American male, as testified to by Mitchell. The videotape showed that the perpetrator exited through the shattered window, as testified to by Mitchell. The store manager testified that the perpetrator removed Tommy Hilfiger shorts, which is the type of shorts Mitchell found in her car.

In addition, the security videotape showed that the burglary was perpetrated by an African-American male wearing the same type of jacket as the male who was driving the red car; police testimony showed that, at the time of his arrest, Williams was wearing the same type of jacket as the driver of the car and the perpetrator of the burglary. Also, during the course of the police investigation, Williams was given *Miranda*[1] warnings and shown the videotape of the burglary; when asked if it was Williams on the tape, Williams told the officer, "You got me."

We find that the additional evidence presented by the State sufficiently corroborates Mitchell's testimony so as to support Williams' conviction in this case. "The sufficiency of the corroborating evidence is a matter for the jury, and if the verdict is based upon the slightest evidence of corroboration connecting an accused to a crime, even if it is circumstantial, it is legally sufficient." (Citation omitted.) *Edmond v. State*, 267 Ga. 285, 287 (2) (476 SE2d 731) (1996).

2. Williams next contends that the trial court erred in denying

---

[1] *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).

his motion for new trial because his legal representation at trial was deficient under the law. Williams contends that his defense counsel (a) failed to request a *Jackson-Denno*[2] hearing on the voluntariness of Williams' statement to the police; (b) failed to object to an accomplice testifying under a grant of immunity and the accomplice's subsequent denial that she testified in exchange for immunity; (c) failed to object when the trial court denied the jury's request to review the security videotape; and (d) failed to present a defense.

"[T]he proper standard to be employed in determining enumerations concerning ineffective assistance of counsel, whether based upon a claim of right arising under federal or state law, is the two-pronged test announced in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) [(1984)]. First, appellant must show that counsel's performance was deficient; second, he is required to show that he was prejudiced by counsel's deficient performance. There is a strong presumption that trial counsel's performance falls within the wide range of reasonable professional assistance, and that any challenged action by trial counsel might be considered sound trial strategy. As to the second prong, the question is whether there exists a reasonable probability that, but for his counsel's errors, the jury would have had a reasonable doubt regarding appellant's guilt, that is, but for counsel's unprofessional errors, the result of the proceeding would have been different. A trial court's finding that a defendant has been afforded effective assistance of counsel must be upheld unless clearly erroneous." (Citations and punctuation omitted.) *White v. State*, 216 Ga. App. 583-584 (1) (455 SE2d 117) (1995). Keeping these principles in mind, we find no merit to Williams' claims of ineffective assistance of counsel.

(a) Prior to the introduction of Williams' contested statement, the defense attorney objected to its admission because "[t]here's no showing of the *Miranda* warning." Thereafter, the interviewing officer testified that he thoroughly apprised Williams of his rights under *Miranda*, that Williams understood those rights, and that he signed a waiver of rights form. Accordingly, Williams has failed to demonstrate attorney error with regard to the admission of his statement pursuant to the holding of *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964). *Hightower v. State*, 227 Ga. App. 74, 79-80 (d) (487 SE2d 646) (1997).

(b) The State's decision to seek immunity for Sheila Mitchell and the trial court's decision to grant such immunity present no basis for objection by Williams' trial counsel. OCGA § 24-9-28. In addition, Mitchell's denial that she had been granted immunity in exchange

---

[2] *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964).

for her testimony impacts on her credibility and is an issue for the jury, not a basis for objection by trial counsel. Williams has not demonstrated ineffective representation by his trial attorney's failure to register meritless objections.[3]

(c) During deliberations, the jury asked to review the security videotape; the trial court denied the request and instructed the jury that the jury would "have to just do the best you can with your memory, individual and collective memories, as to what that videotape showed." Williams claims his defense attorney should have objected to such ruling. However, defense counsel testified at the motion for new trial that his failure to object was based upon a strategic decision; the jury saw the tape, heard the officers say that they could not identify Williams from the tape, and the defense counsel did not "know what the State would have done" if he had objected. "The fact that appellant and his present counsel now disagree with the difficult decisions regarding trial tactics and strategy made by trial counsel does not require a finding that appellant received representation amounting to ineffective assistance of counsel. [Cit.]" *Stewart v. State*, 263 Ga. 843, 847 (440 SE2d 452) (1994).

(d) Williams contends that his trial counsel failed to mount a defense. The record belies this assertion. The State's case relied heavily upon the testimony of Sheila Mitchell. Defense counsel introduced numerous documents in an attempt to impeach Mitchell. In addition, defense counsel strongly urged Williams to testify in his own behalf in order to explain his statement to the police, i.e., "You got me." Williams refused to do so. Thus, Williams' attorney put forth a defense. That the defense was not more complete is due to Williams himself.

Williams also contends that his counsel should have introduced the jacket he wore at the time of his arrest so that the jury could see that it was not the same as the jacket worn by the perpetrator in the videotape. However, the foundation for the introduction of such clothing would call for Williams to take the stand, which he refused to do. Further, absent a valid, independent chain of custody, the introduction by Williams of a jacket he purportedly wore at the time of his arrest would have little evidentiary value.

Accordingly, Williams' contentions show neither error nor harm so as to demonstrate ineffective assistance of counsel. We do not find

---

[3] Under this same claim of error, Williams contends that his counsel failed to object to the State's comment during closing argument that Mitchell was a "credible" witness. However, we have reviewed the State's close and find that, to the contrary, the State's comments regarding Mitchell were in the vein of it-takes-a-criminal-to-catch-a-criminal, "[b]ecause, unfortunately, we don't have good citizens in most of our cases." There were no claims of credibility to form a basis for objection by defense counsel.

as clearly erroneous the denial of Williams' motion for new trial based thereon. *White v. State*, supra at 583-584.

3. Williams next claims that the trial court erred in instructing the jury on unexplained possession of stolen property since there was no evidence to support such charge. We disagree. The jury charge about which Williams complains was a correct statement of the law. *Galloway v. State*, 157 Ga. App. 85 (276 SE2d 135) (1981); *Hurston v. State*, 202 Ga. App. 311 (414 SE2d 303) (1991). Further, the charge informed the jury that the legal principle involved is applicable only "*if* . . . the defendant should be found in possession of the stolen property." (Emphasis supplied.) Thus, whether the evidence showed recent possession of stolen goods and whether the jury charge was applicable were issues for the jury to determine.

4. Williams contends that the trial court erred by denying the jury's request to review the security videotape. However, there was no such objection raised in the court below. Accordingly, this enumeration of error presents nothing for our review. *Jones v. State*, 221 Ga. App. 374, 375 (2) (471 SE2d 318) (1996).

5. The trial court determined that Sheila Mitchell's written grant of immunity should not go out with the jury during deliberations. Williams claims this as error. However, Williams neither asked that the document go out with the jury nor objected to the court's determination. We will not consider this claim of error raised for the first time on appeal. *Mobley v. State*, 218 Ga. App. 739, 741 (3) (463 SE2d 166) (1995).

6. Finally, Williams contends that the trial court erred in permitting an investigator to testify that at the time of arrest, Williams was wearing a "blue windbreaker with gray stripes. The same jacket that was in the videotape." In his brief, Williams contends that the jacket *he* wore at the time of *arrest* should have been introduced into evidence, and absent such evidence, "[t]o allow that officer to so testify when the clothing is not properly before the jury, allows opinions and conclusions to form the basis for a conviction." However, at trial Williams challenged the officer's description of the jacket in the *videotape* because "[l]ooking at the tape, it's almost impossible to determine what kind of jacket was on that guy." "Where an entirely different objection or basis for appeal is argued in the brief which was not presented at trial we will not consider that basis as we are limited to those grounds presented to and ruled upon by the trial court." (Citations and punctuation omitted.) *Godfrey v. State*, 227 Ga. App. 576, 577 (489 SE2d 364) (1997).

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED SEPTEMBER 1, 1998.

*Sam B. Sibley, Jr.,* for appellant.
Jeffery Williams, *pro se.*
*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney,* for appellee.