## A00A0565. RICE v. THE STATE.
### (531 SE2d 182)

ELDRIDGE, Judge.

On December 16, 1998, Donny Eugene Rice was convicted of two counts of sexual exploitation of a child, sodomy, and aggravated child molestation. His motion for new trial was denied on September 7, 1999, and he appeals therefrom. Finding no error, we affirm.

1. In his first two enumerations of error, Rice claims that, by charging the jury with the entire statutory language of the indicted offenses of (a) aggravated child molestation and (b) aggravated sodomy, the trial court charged the jury that the offenses could be committed in a manner not specifically alleged under Counts 4 and 5 of the indictment. We disagree.[1]

(a) Rice was indicted for aggravated child molestation under Count 5 in that he committed an act of oral sodomy on the five-year-old victim. The indictment alleged that Rice

> did unlawfully then and there an immoral and indecent act to and in the presence of and with [the victim] with the intent to arouse and satisfy the sexual desires of the accused and the child, said act involving the mouth of the accused and the sexual organ of [the victim].

In support of this count, the State presented evidence of the victim's outcry to Susan Campbell, Director of Harbor House, a child advo-

---

[1] Although not preserved in the court below, we are constrained to reach this specific issue through the assertion of OCGA § 5-5-24 (c), since we have previously decided that such variation between indictment and jury charge may result in a due process violation. See, e.g., *Gresham v. State*, 239 Ga. App. 280, 281 (521 SE2d 207) (1999).

cacy center. The victim's outcry included several instances of sexual abuse, including an incident of oral sodomy, as follows in pertinent part:

> [Campbell:] Okay. When Johnny — Johnny, when Donny [Rice] touched your private with his hand what did he do that time?
> [Victim:] Suck it.
> [Campbell:] He did what?
> [Victim:] He sucked it.
> [Campbell:] He sucked it? Okay. What part of his body did he use when he was sucking it?
> [Victim:] His mouth.

There was no evidence of force or physical injury with regard to this instance of oral sodomy.

At the close of evidence, the trial court instructed the jury with the statutory definition of sodomy in that "[a] person commits the offense of sodomy when the person performs or submits to any sexual act involving the sex organ of one and the mouth or anus of another." Thereafter, the court charged the statutory definition of child molestation and aggravated child molestation:

> A person commits the offense of child molestation when such person does any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person. [OCGA § 16-6-4 (a).] A person commits the offense of aggravated child molestation when such person commits the offense of child molestation which act physically injures the child or involves an act of sodomy. [OCGA § 16-6-4 (c).]

Rice contends that, because the court charged under subsection (c) that an "aggravated" act of child molestation must either physically injure the child *or* involve an act of sodomy, the jury could have found Rice guilty for physically injuring the child — as opposed to the act of oral sodomy specifically alleged in the indictment. This contention is meritless.

Subsection (a) of the statute defines an act of child molestation, i.e., any immoral or indecent act to or in the presence or with any child under the age of 16 years committed with the intent to arouse or satisfy sexual desires. Here, the indicted act of child molestation was Rice's placing of his mouth on the penis of the victim. Subsection (c) of the statute defines when an indicted act of child molestation may be considered "aggravated," i.e., when the indicted act either

injures the child or involves sodomy. In this case, the evidence in aggravation was that the indicted act of child molestation was one of oral sodomy. There is absolutely no evidence in the record that, during the incident when Rice placed his mouth on the victim's penis, the victim was physically injured.[2] By finding the indicted act of child molestation, the jury perforce found the appropriate evidence in aggravation, since the indicted act of child molestation was also an act of oral sodomy. "Therefore, the giving of the entire Code section on aggravated [child molestation] did not mislead the jury or violate [Rice's] due process rights." *Thomas v. State*, 268 Ga. 135, 141 (17) (485 SE2d 783) (1997).

(b) Under Count 4, Rice was indicted for aggravated sodomy in that he "did unlawfully then and there perform and submit to a sexual act involving the sexual organs of the accused and the anus of another person, to-wit: [the victim] . . . said act being done with force and against the will of said other person." In support of this count, the State offered the outcry testimony of the victim regarding Rice's forceful sodomy of his anus, pictures of the physical injuries to the victim's anus caused thereby, and numerous outcry witnesses and expert testimony with regard thereto. After the close of evidence, the trial court charged the jury with the act as alleged in the indictment under Count 4, i.e., forceful anal sodomy. The court instructed the jury on the statutory definition of aggravated sodomy:

> In Count 4, the defendant is charged with the offense which describes the allegations which describe aggravated sodomy. A person commits the offense of sodomy when the person performs or submits to any sexual act involving the sex organ of one and the mouth or anus of another. A person commits the offense of aggravated sodomy when the person commits sodomy with force and against the will of the other person.

Before this Court, Rice contends that by charging the entire statute, the trial court charged the jury that they could convict "if Appellant performed or submitted to *any sex act* involving the sex organ of

---

[2] By citing to different portions of the victim's outcry testimony to Campbell, Rice attempts to establish that the victim also experienced "physical injury" during this indicted act of oral sodomy. For example, Rice cites to trial transcript pages 92, 94, and 102 for the proposition that Rice "whipped" the victim; then cites page 98 for the proposition that the victim's pants were down at the time of the "whipping"; and then cites page 97 for the proposition that Rice's hand was on the victim's penis during this "whipping." However, a review of the record shows that these were unrelated incidents and did not involve the indicted act of child molestation, i.e., Rice's oral sodomy of the victim. Moreover, the record shows that Rice's "whipping" of the victim with a "paddle" was the victim's euphemism for the acts of anal sodomy that Rice committed on him.

one and the mouth or anus of another," and thus, Rice could have been convicted under Count 4 for committing oral sodomy on the victim. This contention is meritless.

The trial court did not instruct the jury to ignore the indictment and convict if appellant performed or submitted to "any sex act" involving sodomy. To the contrary. Prior to charging the statutory elements, the trial court instructed the jury that the offense of aggravated sodomy was as described in Count 4 of the indictment: "In Count 4, the defendant is charged with the offense which describes the allegations which describe aggravated sodomy." The allegations in Count 4 described forceful anal sodomy. In addition, the court charged that the State must prove all of "the elements set forth in the various allegations of the counts." The court charged the jury that "[t]he burden of proof rests upon the state to prove every material allegation of the indictment and every essential element of the crime charged beyond a reasonable doubt." The court also charged that only after consideration of all the facts and testimony in regard to the counts as set out in the indictment may they return a verdict thereon. The jury was instructed they must "consider separate and independent verdicts on each of the four counts." The jury specifically found Rice guilty under Count 4 of the indictment. These instructions were "sufficient to dispel any possible juror confusion about the necessity of convicting [Rice] for the act[ ] charged in the indictment." *McClain v. State*, 220 Ga. App. 474, 475 (2) (469 SE2d 756) (1996).

2. In his third enumeration, Rice alleges reversible error in the trial court's failure to charge an "essential element" of the offense of sexual exploitation of children by giving the statutory definition of "sexually explicit conduct."

"Sexually explicit conduct" is an essential element of the offense of sexual exploitation of children, but the statutory definition is not. See *Phagan v. State*, 268 Ga. 272, 277 (486 SE2d 876) (1997); *Brown v. State*, 233 Ga. App. 195, 197 (504 SE2d 35) (1998). Here, the trial court properly charged the jury on the elements of the statutory offense. OCGA § 16-12-100 (b) (1).[3] The indictment properly charged Rice with the type of "sexually explicit conduct" defined under OCGA § 16-12-100 (a) (4) (F) (condition of being fettered, bound, or otherwise physically restrained on the part of a person who is nude). Rice does not allege the existence of any other form of "sexually explicit conduct" that fits within the statutory purpose, i.e., "for the purpose of producing any visual medium depicting such conduct." So, there

---

[3] "It is unlawful for any person knowingly to employ, use, persuade, induce, entice, or coerce any minor to engage in or assist any other person to engage in sexually explicit conduct for the purpose of producing any visual medium depicting such conduct." OCGA § 16-12-100 (b) (1).

could be no jury confusion on this issue. Nor does Rice demonstrate how the instant claim constitutes substantial error which was harmful as a matter of law, so as to require our review under OCGA § 5-5-24 (c). *Medina v. State*, 234 Ga. App. 13, 15 (2) (505 SE2d 558) (1998). Rice's counsel failed to object to the charges at trial and failed to reserve objections following the charge. Accordingly, this enumeration of error is waived.

3. In his remaining enumeration, Rice claims that his trial counsel was ineffective for several reasons.

> A defendant claiming ineffective assistance of counsel must show (1) that his attorney's representation in specified instances fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different. The decisions on which witnesses to call, whether and how to conduct cross-examinations, what jurors to accept or strike, what trial motions should be made, and all other strategies and tactical decisions are the exclusive province of the lawyer after consultation with his client.

(Citations and punctuation omitted.) *Harris v. State*, 234 Ga. App. 126, 129 (3) (505 SE2d 49) (1998). See also *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Austin v. Carter*, 248 Ga. 775, 779 (2) (c) (285 SE2d 542) (1982). In fact,

> there is a strong presumption that trial counsel's performance falls within the wide range of reasonable professional assistance and that any challenged action might be considered sound trial strategy. In the absence of testimony to the contrary, counsel's actions are presumed strategic.

(Citation and punctuation omitted.) *Hamilton v. State*, 238 Ga. App. 320, 322 (517 SE2d 118) (1999). "Whether an attorney's trial tactics are reasonable 'is a question of law,' not fact. [Cit.]" *Jefferson v. Zant*, 263 Ga. 316, 318 (3) (a) (431 SE2d 110) (1993). The trial court's findings on issues of reasonableness and credibility "will be upheld unless clearly erroneous, as will its ultimate determination whether the defendant received effective assistance of counsel." (Citations and punctuation omitted.) *Griffith v. State*, 234 Ga. App. 326, 329 (2) (506 SE2d 676) (1998).

Although Rice's motion for new trial stated simply that trial counsel provided ineffective assistance, appellate counsel was given the opportunity to argue numerous bases for the ineffectiveness claim during the motion for new trial hearing. However, after finding

that each complaint of alleged ineffectiveness lacked merit, the trial court specifically rejected the ineffectiveness claim in a comprehensive order denying Rice's motion for new trial. After reviewing the hearing transcript, we are satisfied "that the trial court's findings and its determination that trial counsel was not ineffective are not clearly erroneous." *Griffith v. State*, supra at 329 (2).

(a) As noted by the trial court, Rice's claim that trial counsel failed to file various pretrial evidentiary motions is entirely without merit. In the original indictment in this case, Rice was the sole defendant. However, Regina Loveless, the children's mother, was subsequently added as a co-defendant in a superseding indictment.[4] The record clearly shows that Rice's counsel filed his evidentiary motions based upon the earlier indictment and that he took advantage of his complete access to all of the State's files after that point. As such, the trial court found that counsel was not ineffective for any alleged failure to file such motions pursuant to the second, superseding indictment. There was no error. See *Harris v. State*, supra.

(b) Rice claims that trial counsel was ineffective for failing to cross-examine the child victims. Rice claims that the older victim recanted some of his testimony during his mother's subsequent criminal trial and implies that the child might have recanted his testimony in Rice's trial if he had been properly cross-examined.

However, the trial court in this case took judicial notice that, despite such alleged recantation, the victims' mother was still convicted at trial. As such, the trial court concluded that the failure to cross-examine the child victims did not affect the outcome of Rice's trial. This finding was not clearly erroneous.

(c) Finally, Rice claims that his trial counsel refused to allow him to testify in his own behalf. However, his counsel unequivocally testified at the motion hearing that he never prohibited Rice from testifying. Counsel also testified that Rice said that he did not want to be subjected to cross-examination, particularly since his denial of all charges was presented to the jury through the testimony of Detective Ken Jones. After hearing Rice's claims and counsel's explanations, the trial court specifically found that Rice's assertion that he was wrongfully prevented from testifying was not credible. Such finding was not clearly erroneous and will not be disturbed. *Griffith v. State*, supra.

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

---

[4] Although this trial originally included Loveless as Rice's co-defendant, the trial court declared a mistrial as to Loveless after inappropriate testimony was given regarding Loveless' criminal history. The trial court sua sponte instructed the jury that they should not allow such mistrial to affect how they viewed the remaining case against Rice.

DECIDED MARCH 14, 2000 —
RECONSIDERATION DENIED MARCH 27, 2000 — 

*Cook & Connelly, Bobby Lee Cook, L. Branch Connelly, Rex B. Abernathy,* for appellant.

*Tambra P. Colston, District Attorney, Leigh E. Patterson, Assistant District Attorney,* for appellee.

