## A01A2047. CUPE v. THE STATE.
### (560 SE2d 700)

MIKELL, Judge.

A jury convicted Walter Charles Cupe, Jr. of battery for striking his girlfriend's developmentally disabled eight-year-old daughter on her buttocks, legs, and lower back. OCGA § 16-5-23.1 (a). The court sentenced Cupe to 12 months to be served either in the Troup County work camp or in a work release program. After the court denied his motion for new trial, Cupe appealed, claiming that the evidence was insufficient to support his conviction and that he was denied effective assistance of counsel. He further argues that the trial court erred in ruling that the victim was competent to testify at trial, in admitting hearsay testimony, in denying his motion for a directed verdict, and in denying his motion for funds to hire a psychologist. We affirm the conviction.

On appeal from a criminal conviction, the evidence is viewed in the light most favorable to the verdict. *Paul v. State*, 231 Ga. App. 528 (499 SE2d 914) (1998). We do not weigh the evidence or determine witness credibility but only determine whether the evidence is sufficient under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Williams v. State*, 233 Ga. App. 217 (1) (504 SE2d 53) (1998).

---

[13] 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963).

Viewed in the light most favorable to the verdict, the evidence shows that the victim in this case, K. L., suffers from a medical condition known as incontinentia pigmenti, which can cause a degree of mental retardation. K. L. has a vocabulary of approximately 35 words and is considered a special needs child. At the time of the incident, she was eight years old and resided with her mother, Terrie Fomby, and her mother's boyfriend, Cupe.

K. L.'s father, Glen Loper, testified that he picked up his daughter for a weekend visit on October 8, 1999. When he bathed her later that evening, he noticed severe bruising on the child's body that he described as "[w]hole hand prints across her butt, inside of her legs just like where they had been hit with a buckle, just belt marks across them. . . . All the way down from her lower back, all the way down to her knees." When Loper asked K. L. who had beaten her, she said, "Waa-waa," which is the name with which she referred to Walter Cupe.

Loper drove K. L. to the emergency room that night, where she was examined by Dr. Eric Richardson. The next morning, Loper took K. L. to her pediatrician, Dr. George Lechacz. At trial, the doctors identified photographs of K. L. showing extensive bruising. Both doctors concluded that the child's bruises were caused by blunt trauma. Dr. Lechacz testified that the shape and characteristics of the bruises indicated that they were caused by a person's hand and the end of a belt. The doctors further testified that the bruises were in various stages of healing. Dr. Richardson estimated that the more recent ones were approximately twenty-four hours old, and that the remainder varied from five to ten days old. Dr. Lechacz testified that he believed the bruises he observed were between one and three days old.

Loper reported the suspicious bruising to the Hogansville Police Department. Following an investigation, Cupe was charged with battery. At trial, Sheila Spinks, a special education teacher who taught the victim for two and one-half years, testified that during an interview in the course of the investigation, K. L. told her that Cupe had whipped her. A videotape of the interview was played for the jury over the defendant's objection. Debra Roberts, the Troup County Department of Family & Children Services (the "Department") caseworker who investigated the case, testified that she heard K. L. tell Spinks that "Waa-waa" had hurt her. Officer David Wisniewski of the Hogansville Police Department similarly testified that K. L. told him that "Waa-waa" had beaten her. Likewise, Lewis Fomby, K. L.'s maternal grandfather, testified that the child told him that Cupe had inflicted the bruises on her and that his granddaughter was afraid of Cupe. Itia Chester, Cupe's cousin and next-door neighbor, testified that she had observed Cupe beat his children in the past. It was

undisputed that Cupe had been caring for K. L. during the week prior to October 8, and that he was with the child that day.

1. On appeal, Cupe contends that the evidence was insufficient to support the jury's verdict. In a separate enumerated error, he argues that the court erred in denying his motion for directed verdict. We disagree and affirm the conviction.

A directed verdict of acquittal should be granted only when there is no conflict in the evidence, and the evidence, with all reasonable deductions and inferences, demands a verdict of acquittal as a matter of law. OCGA § 17-9-1 (a); *Gunter v. State*, 237 Ga. App. 863 (517 SE2d 105) (1999). The standard for reviewing both a challenge to the sufficiency of the evidence and the denial of a motion for a directed verdict is whether, under the rule set forth in *Jackson v. Virginia*, supra, the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that the defendant was guilty of the charged offense. Id.

OCGA § 16-5-23.1 (a) provides: "A person commits the offense of battery when he or she intentionally causes . . . visible bodily harm to another." The statute further provides in subsection (b) that the term "visible bodily harm" means "bodily harm capable of being perceived by a person other than the victim and may include, but is not limited to, . . . substantial bruises to body parts."

We conclude that the evidence summarized above was sufficient to enable a rational trier of fact to find Cupe guilty of battery beyond a reasonable doubt under the standard set forth in *Jackson v. Virginia*, supra. See *Hussey v. State*, 206 Ga. App. 122, 123 (2) (424 SE2d 374) (1992).

2. We also reject Cupe's argument that the trial court erred in ruling that the victim was competent and "available" to testify for the purposes of the Child Hearsay Statute, OCGA § 24-3-16. The court held a hearing to determine the competency of K. L. prior to the trial. After hearing testimony and viewing the videotape of Spinks and Deputy Rick Massie's interview with the child, the court ruled that K. L. was available to testify. Consequently, the videotaped interview and the testimony of a number of the state's witnesses with whom K. L. spoke about the abuse were admitted at trial.

Under the Child Hearsay Statute, a statement made by a child under the age of 14 that describes physical abuse by another is admissible in evidence by the testimony of the person to whom the statement was made "if the child is available to testify in the proceedings and the court finds that the circumstances of the statement provide sufficient indicia of reliability." OCGA § 24-3-16. Cupe argues that K. L.'s competence at the time of trial was never established; therefore, the court erred in concluding that she was available to testify. We note that Cupe does not take issue regarding the second

prong of the statute, whether the circumstances of the statements provide sufficient indicia of reliability. See generally *Jenkins v. State*, 235 Ga. App. 53, 55 (1) (b) (508 SE2d 710) (1998).

Contrary to Cupe's argument, we find that the trial court did not err in ruling that K. L. was available to testify for the purposes of the Child Hearsay Statute. As a preliminary matter, we note that "[t]he trial court has broad discretion in determining the admissibility of child hearsay evidence." (Punctuation omitted.) *Woolums v. State*, 247 Ga. App. 306 (1) (540 SE2d 655) (2000), citing *Kight v. State*, 242 Ga. App. 13, 15-16 (1) (528 SE2d 542) (2000).

Cupe is correct that the relevant inquiry is whether the child is competent to testify at the time of the trial. *Hunnicutt v. State*, 198 Ga. App. 572, 573 (1) (402 SE2d 534) (1991). However, there was ample evidence in the record to support the court's determination that K. L. was competent to testify at the relevant time. Spinks testified that K. L. was able to communicate, reason, and think, that she understood the questions she was asked during the investigation and gave appropriate responses, and that she would not be easily influenced to provide coached testimony. Deputy Massie testified that K. L. was able to provide meaningful responses to the questions he asked during the interview. The trial court had an opportunity to view the videotaped interview for the purpose of determining the child's competency to testify at trial. Accordingly, the trial court did not abuse its discretion when it ruled that K. L. was "available" to testify at the trial.

3. Cupe argues that the trial court erred in denying his motion for new trial because he was denied effective assistance of counsel. He raises a number of alleged deficiencies in his trial counsel's performance.

> To establish ineffectiveness, a defendant must prove that his trial counsel's performance was deficient and the deficiency prejudiced his defense to the extent that there was a reasonable probability the result of the trial would have been different but for defense counsel's unprofessional deficiencies.

*Hardegree v. State*, 230 Ga. App. 111, 113 (4) (495 SE2d 347) (1998). "A trial court's finding that a defendant has been afforded effective assistance of counsel must be upheld unless clearly erroneous." (Citations and punctuation omitted.) *Williams v. State*, 234 Ga. App. 191, 193 (2) (506 SE2d 237) (1998). Bearing these principles in mind, we find no merit to Cupe's claims.

(a) In two enumerated errors, Cupe alleges ineffective assistance of counsel because his trial attorney failed to object properly to the state's introduction of the videotaped interview at the competency

hearing and at trial. He contends that the state failed to lay an adequate foundation before the videotape was played.

The use of videotape evidence has become very common, and it is likely that counsel made a tactical decision not to make that particular objection during the competency hearing and trial. If counsel had objected, the state would have easily established a foundation by asking the witness questions such as how the tape was preserved, whether any changes were made to the recording, who made the video, whether the recorder worked properly, whether he knew how to operate it, and whether the testimony on the tape was given under duress. See *Nobles v. State*, 233 Ga. App. 63, 64 (3) (503 SE2d 321) (1998).

"There is a strong presumption that trial counsel's performance falls within the wide range of reasonable professional assistance, and that any challenged action by trial counsel might be considered sound trial strategy." (Punctuation omitted.) *Williams*, supra, 234 Ga. App. at 193 (2). "Counsel's decisions on matters of tactic and strategy, even if unwise, do not amount to ineffective assistance of counsel." *Scott v. State*, 238 Ga. App. 258, 260 (2) (518 SE2d 468) (1999). See also *Aleman v. State*, 227 Ga. App. 607, 612 (3) (489 SE2d 867) (1997).

Furthermore, the transcript reveals that Cupe's counsel did object to the introduction of the videotape during the competency hearing based on the Child Hearsay Statute, OCGA § 24-3-16. Immediately following the court's ruling that the child was available for trial, counsel again argued that the state had not met the requirements of the Child Hearsay Statute. The court overruled his objection. Likewise, when the state introduced the videotape during the trial, counsel stated, "I renew my same objection," referring to his prior objections to the admission of the videotape. Thus, Cupe's argument that counsel failed to object has no merit.

(b) Cupe further alleges ineffective assistance because his trial counsel failed to object to the victim's competency at the time of trial. We reject this argument.

First, as we noted above, the transcript shows that counsel did object when the state introduced the videotape of the interview during the trial. Furthermore, Cupe has failed to demonstrate deficient performance or prejudice based on counsel's failure to raise the objection urged by Cupe on appeal. "As discussed in Division [2], the evidence supported the trial court's finding of competency, and trial counsel's failure to object further to the finding of competency was not ineffective assistance of counsel." *King v. State*, 194 Ga. App. 662, 664 (7) (391 SE2d 660) (1990).

(c) Next, Cupe complains that his counsel failed to make a proper objection to the hearsay testimony of Dr. Richardson. Specifically, the

doctor testified that the victim's father told him that Cupe had inflicted the bruises on the child. The record shows that trial counsel objected to the testimony as hearsay, and that the court addressed the matter outside the jury's presence. The court ultimately allowed the testimony under OCGA § 24-3-4 as a statement made for a medical diagnosis or treatment.

Cupe's argument that his counsel's performance was deficient in this instance is wholly without merit. Cupe suggests in his appellate brief that counsel should have made an argument related to the Child Hearsay Statute; however, the testimony was not admitted under that statute because the doctor testified as to K. L.'s father's out-of-court statement, not the child's. "Failure to make a meritless objection cannot be evidence of ineffective assistance." (Citation and punctuation omitted.) *Sanders v. State*, 211 Ga. App. 859, 862 (1) (440 SE2d 745) (1994).

(d) In two errors, Cupe contends that his counsel was deficient for not objecting to the hearsay testimony of Dr. Lechacz and Loper. The pediatrician testified that when asked, K. L. said that Cupe had inflicted her injuries. Similarly, the victim's father testified that K. L. told him Cupe had beaten her. Because Dr. Lechacz and Loper related what the child said, their testimony was admissible under the Child Hearsay Statute, OCGA § 24-3-16. Cupe argues that counsel should have objected on the ground that the victim's competency to testify at trial had not been established, but this argument is without merit. We held in Division 2 that the court properly ruled that the child was competent and available to testify. Therefore, the objections would have been overruled. "Absent a showing of prejudice, inquiry into counsel's alleged deficiency is unnecessary." *Hardegree*, supra at 113 (4). See also *Silcox v. State*, 241 Ga. App. 845, 846 (c) (528 SE2d 271) (2000); *King*, supra.

(e) Cupe argues that his counsel rendered ineffective assistance by failing to file a motion for funds to hire a clinical psychologist with expertise in the proper procedure for interviewing children. He suggests in his appellate brief that "such a clinical psychologist could have testified at trial about the proper techniques for interviewing a child with K. L.'s disability and whether the interviewing techniques actually utilized by [Detective] Massie were proper."

Cupe's argument fails, however, because he has not demonstrated that there would have been a different outcome had counsel requested funds and called such a witness. To establish the prejudicial effect of trial counsel's failure to present certain evidence, an appellant "is required to make an affirmative showing that specifically demonstrates how counsel's failure would have affected the outcome of the case." (Citation and punctuation omitted.) *Ware v. State*, 273 Ga. 16, 17 (3) (537 SE2d 657) (2000). "Absent a proffer of what

the testimony of his expert would have been at trial, [Cupe] cannot show that there is a reasonable probability that the outcome of the trial would have been different had his counsel taken the suggested course." *Madge v. State*, 245 Ga. App. 848, 851 (3) (a) (538 SE2d 907) (2000).

Cupe's reliance on *Barlow v. State*, 270 Ga. 54 (507 SE2d 416) (1998), is misplaced. In that case, the Supreme Court held that a defendant should have been permitted to introduce expert testimony regarding how information is ideally obtained from children who have been the victims of sexual abuse. Id. at 55. The Court did not require that the trial court provide funds for such a witness, nor did it mandate that such expert witnesses be called in all cases involving child victims.

Because Cupe has failed to demonstrate that his counsel's performance was deficient or how he was prejudiced by the fact that his trial counsel did not request funds to hire a psychologist, we reject his claim of ineffective assistance of counsel on this ground. See *Ware*, supra.

(f) Finally, we reject Cupe's argument that he was denied effective assistance of counsel because his attorney elected not to call the child victim as a witness for cross-examination.

> The decisions on which witnesses to call, whether and how to conduct cross-examinations, . . . and all other strategies and tactical decisions are the exclusive province of the lawyer after consultation with his client. In fact, there is a strong presumption that trial counsel's performance falls within the wide range of reasonable professional assistance and that any challenged action might be considered sound trial strategy.

(Citations omitted.) *Rice v. State*, 243 Ga. App. 143, 147 (3) (531 SE2d 182) (2000). See also *Beecher v. State*, 240 Ga. App. 457, 460 (4) (523 SE2d 54) (1999) ("Tactical or strategic decisions such as the failure to call certain witnesses do not equate with ineffective assistance of counsel.") (citations and punctuation omitted).

4. Next, Cupe argues that the trial court erred in ruling that Dr. Richardson's testimony that K. L.'s father told him Cupe inflicted the child's bruises was admissible under the medical records exception to the hearsay rule. We agree that the court erred in admitting the statement under OCGA § 24-3-4, which permits out-of-court statements made for the purpose of describing medical history reasonably pertinent to diagnosis or treatment. *Roberson v. State*, 187 Ga. App. 485, 486-487 (370 SE2d 661) (1988). However, any error was harmless, as the doctor's testimony was cumulative. *Johnson v. State*, 149

Ga. App. 544, 545 (5) (254 SE2d 757) (1979). Loper, Spinks, Wisniewski, Roberts, and Fomby testified that K. L. told them that Cupe had beaten her. Thus, this harmless error does not require reversal of Cupe's conviction. Id. See also *Respres v. State*, 244 Ga. App. 689, 691 (3) (536 SE2d 586) (2000).

5. Finally, Cupe argues that the trial court erred in denying his post-trial motion for funds to hire a clinical psychologist with expertise in the proper procedure for interviewing children in connection with his motion for new trial.

It is well settled that "[t]he granting or denial of a motion for appointment of expert witnesses lies within the sound discretion of the trial court." (Punctuation omitted.) *Pruitt v. State*, 270 Ga. 745, 750 (8) (514 SE2d 639) (1999), citing *Henry v. State*, 265 Ga. 732, 735 (462 SE2d 737) (1995). After considering Cupe's motion, which was filed after his conviction, the trial court concluded: "here we have a case which has already been tried to a jury and a request for funds to seek out testimony which would be marginally relevant at best. Based on these facts, said motion is hereby denied." We conclude that the court did not abuse its discretion in denying Cupe's post-trial motion. See *Snow v. State*, 228 Ga. App. 649, 653 (8) (492 SE2d 564) (1997).

*Judgment affirmed. Blackburn, C. J., and Pope, P. J., concur.*

DECIDED JANUARY 25, 2002 —
RECONSIDERATION DENIED FEBRUARY 21, 2002.

*Alfred F. Zachry*, for appellant.
Walter Cupe, *pro se.*
*L. Jack Kirby, Solicitor-General*, for appellee.