## A91A0845. HALL v. THE STATE.
### (411 SE2d 777)

CARLEY, Presiding Judge.

Appellant was tried before a jury and found guilty of two counts of child molestation against his daughter. He appeals from the judgments of conviction and sentences entered by the trial judge on the jury's guilty verdicts.

1. "Although the evidence was in conflict and depends largely on the credibility of the [ten]-year-old victim, the credibility of witnesses and the resolution of such conflicts are for the jury. On appeal of a conviction based on a jury verdict, this court resolves all conflicts in favor of the verdict and examines the evidence in a light most favorable to support that verdict. [Cit.] We find that the evidence presented was sufficient to authorize the jury to find appellant guilty of [both counts of] child molestation under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). [Cit.]" *Hall v. State*, 196 Ga. App. 523, 524 (1) (396 SE2d 271) (1990). See also *Coleman v. State*, 194 Ga. App. 404 (1) (391 SE2d 15) (1990).

2. The trial court sustained the State's objections to certain questions propounded by appellant to several defense witnesses and these evidentiary rulings are enumerated as error. Our consideration is necessarily limited to those instances wherein appellant made a proffer of the answers that he had expected to elicit. See *Lee v. State*, 237 Ga. 179, 180 (3) (227 SE2d 62) (1976).

Appellant proffered the testimony of two witnesses that, based upon their personal observations, the victim had not exhibited the "unusual and inappropriate behavior" typical of a sexually abused child. The State did not object to the expert qualifications of these witnesses to testify to the typical behavior of sexually abused children or to their competency to testify to whether the victim in the instant case evidenced such typical behavior. Instead, the State raised only an objection to relevancy and asserted that it would not "be allowed to put a witness on the stand testifying that [the victim] does have the traits of a molested child[,] so [it was] going to object to testi-

mony that either directly or indirectly . . . [the victim] does not have the characteristics. . . ." The trial court sustained the State's objection to the proffered testimony of these two witnesses.

Appellant was not attempting to elicit a direct opinion on the ultimate issue of whether the victim had been molested. Compare *Harris v. State*, 261 Ga. 386 (405 SE2d 482) (1991); *Sims v. State*, 260 Ga. 782, 783 (4) (399 SE2d 924) (1991); *Allison v. State*, 256 Ga. 851, 853 (6) (353 SE2d 805) (1987). Likewise, appellant was not attempting to elicit a direct opinion as to whether the victim had lied about having been molested. Compare *Jennette v. State*, 197 Ga. App. 580, 581 (3) (398 SE2d 734) (1990). Appellant was simply attempting to elicit testimony as to whether the victim had exhibited that *behavior* which, in the opinions of the witnesses, was typically displayed by a sexually abused child, not an *opinion*, based upon the victim's behavior, as to whether she had actually been molested. The "typical" behavior of sexually abused children is not within the ken of the average juror and is, therefore, a proper matter for expert testimony. *Holsey v. State*, 199 Ga. App. 782, 784 (7) (406 SE2d 127) (1991). Testimony merely as to whether the victim did or did not exhibit this "typical" behavior would not invade the province of the jury, for the question of whether, notwithstanding her behavior, the victim was or was not molested would remain exclusively for jury resolution. The testimony would simply be available for the jury to accept or reject for consideration in its determination of the ultimate issue.

Thus, contrary to the State's objection in the trial court, it would *not* be precluded from introducing the testimony of a duly qualified expert that the victim did exhibit the "typical" behavior of sexually abused children. That the State was not prepared to introduce such testimony is no basis for preventing appellant from introducing relevant testimony in his defense. The State may question the expert qualifications of a defense witness who seeks to testify as to the "typical" behavior of sexually abused children. See *Sims v. State*, supra at 783 (3). In the instant case, however, the State raised no objection to the expertise of appellant's witnesses and the trial court erred in sustaining the State's objection to the relevancy of their proffered testimony. "[T]he witness[es] [were] not [to be] asked on direct examination whether [they] believed the child had been sexually abused. . . . Rather, [they were to be] asked whether the child exhibited behavioral characteristics consistent with those of a child who had been sexually abused. This was a permissible subject for expert opinion testimony. [Cits.]" *Holsey v. State*, supra at 784 (7). Because we cannot say that this evidentiary error was harmless, appellant's convictions must be reversed and a new trial held.

3. The trial court did not err in excluding testimony that appellant "picked the children up at school on time and he would attend all conferences asked of him." This testimony obviously has no relevance to whether appellant had or had not committed the acts of child molestation and would not be admissible as evidence of his good

character. OCGA § 24-2-2; *Barrett v. State*, 192 Ga. App. 705 (1) (385 SE2d 785) (1989).

4. An enumeration of error predicated upon the trial court's making of an allegedly improper comment in violation of OCGA § 9-10-57 presents nothing for review. "[A]ppellant made no objection in regard thereto at trial and is thus precluded from raising the issue on appeal. [Cit.]" *Beadles v. State*, 259 Ga. 519, 524 (3) (385 SE2d 76) (1989).

5. Appellant enumerates as error the trial court's failure to sustain a hearsay objection to certain testimony. The record reveals, however, that other admissible evidence as to the issue was presented at trial without objection. Accordingly, the error, if any, in failing to sustain the hearsay objection was clearly harmless. See generally *Hooten v. State*, 256 Ga. 31, 33 (1) (343 SE2d 481) (1986).

*Judgments reversed. Beasley, J., and Judge Arnold Shulman concur.*

DECIDED OCTOBER 24, 1991.

*James C. Wyatt*, for appellant.
*Stephen F. Lanier, District Attorney, C. Stephen Cox, Assistant District Attorney*, for appellee.