## A96A0006. CAMPBELL v. THE STATE.
(470 SE2d 524)

BEASLEY, Chief Judge.

Campbell was convicted on two counts of committing aggravated child molestation upon his daughter, OCGA § 16-6-4 (c).

Before trial, Campbell issued subpoenas that sought the production of all records of the Newton County Department of Family & Children Services ("DFACS") concerning "complaints of child abuse, neglect, and/or molestation regarding" the victim, and the testimony of DFACS caseworker Allison. The State moved to quash the subpoenas because they asked for confidential information protected by OCGA § 49-5-40 (b).

Campbell subsequently petitioned the court, pursuant to OCGA § 49-5-41 (a) (2), to subpoena DFACS records of both Newton County and DeKalb County, where the child had formerly resided, relating to earlier allegations of molestation she had made against Campbell and, in a separate instance, another man. The petition alleged the victim had a pattern of making false accusations and requested the

court to conduct an in camera inspection to determine if the files showed this. See *Davidson v. State*, 183 Ga. App. 557, 559 (4) (b) (359 SE2d 372) (1987). The State filed a motion in limine to exclude from trial any opinion testimony regarding the credibility of the earlier allegations.

A hearing was held to address the petition and motions to quash. Previously, the DeKalb DFACS had inadvertently sent its confidential file to Campbell's counsel, apparently in response to an earlier subpoena. Counsel had examined the file and found information he believed exculpatory,[1] specifically that Groves, a DFACS caseworker, had concluded the prior allegations were false. At the hearing, counsel tendered the file to the court for inspection, and defendant's counsel was allowed no further access to it. The court concluded the file did not contain exculpatory information and determined that any testimony about Groves' conclusions that the prior allegations were false would be inadmissible.

Two days later, another hearing was held on the State's motion during which similar issues were discussed concerning the information in the Newton and Rockdale DFACS files, both of which held much the same information as the DeKalb file.[2] The court again indicated that any testimony that Groves believed the prior allegations were false would be inadmissible. The State announced it would not, and it did not, seek to introduce any similar transaction at trial.

In his sole enumeration, Campbell contends the court erred in forbidding him to call and question Groves. However, the court did not prevent this. To the contrary, the court specifically stated Groves could testify as to his observations, but not as to the conclusions he drew about the truth or falsity of the prior accusations. At several points during the first hearing, and in summarizing its rulings at the end, the court stated that no caseworker would be allowed to testify that he held the opinion that the victim's earlier accusations were false.

During the second hearing, the court made similar rulings as to suggested testimony that Groves had concluded the victim's mother had made false statements concerning the earlier allegations. The court specifically allowed proper impeachment of the State's witnesses after their testimony was presented, pursuant to statutory methods. See OCGA §§ 24-9-80 through 24-9-85.

The court correctly ruled that neither Groves nor any other wit-

---

[1] The court expressed its displeasure at counsel's conduct in examining the file and not immediately giving it to the court, but it does not appear any further action was taken or requested.

[2] The record does not reveal how the content of the DFACS file from Rockdale County was made an issue before the court.

ness could give *his opinion* that the victim had made false allegations of molestation, because such evidence addresses the credibility of the witness. OCGA § 24-9-80; see *Eason v. State*, 215 Ga. App. 614 (1), 615 (451 SE2d 820) (1994); *Guest v. State*, 201 Ga. App. 506, 507-508 (1) (411 SE2d 364) (1991). " 'Credibility of a witness is not beyond the ken of the jurors but, to the contrary, is a matter solely within the province of the jury. OCGA § 24-9-80. An expert witness may not testify as to his opinion of the victim's truthfulness. (Cits.)' [Cits.]" *Lamb v. State*, 196 Ga. App. 665, 666 (2), 667 (396 SE2d 497) (1990). Compare *State v. Oliver*, 188 Ga. App. 47, 53-54 (1) (372 SE2d 256) (1988) (Beasley, J., concurring specially).

Reasons advanced as bases for Groves' conclusion that earlier allegations may have been false were inconsistencies between the victim's and mother's versions of the incident; the possibility that the victim had been coached because of her use of phrases such as "we know he would lie" and "mom told me to say . . ."; the victim's inability to provide detail; and factual similarities between the allegations concerning Campbell and the other man. The file also contained statements that the allegations were false, without any bases for those conclusions being stated. These factors are such that a jury would not need " 'specialized knowledge, skill, or experience' " to draw an inference concerning credibility. See *Guest*, supra at 508 (1). The caseworker could have given his observations about the earlier allegations, conveying information to the jury upon which it could draw its own conclusion as to credibility. Campbell could then have argued to the jury that those observations suggested the victim spoke falsely about the earlier instances and, by implication, was testifying falsely at trial.

Both the victim and the mother testified. Campbell did not challenge their credibility with any inconsistencies between their versions of the earlier allegations or between these versions at trial and those given to the caseworker.[3] He did not cross-examine his daughter at all and did not address the prior allegations while cross-examining his wife. He did not call Groves and in fact presented no testimony but his own, in which he did not raise the issue. Of course, doing so would have informed the jury of the previous accusations of molesting his daughter. Campbell's failure to probe was not a result of the court's ruling but rather an inadvertency, a neglect, or a strategic decision of which he cannot complain. See generally *Ellerbee v. State*, 215 Ga. App. 312, 313 (2) (450 SE2d 443) (1994).

---

[3] As argued by defendant, such impeachment is not barred by the Rape Shield Statute, OCGA § 24-2-3 (b), because it does not address the victim's prior sexual behavior but rather her propensity to make false statements about the sexual misconduct of others. *Smith v. State*, 259 Ga. 135, 136 (1), 137 (377 SE2d 158) (1989).

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED APRIL 11, 1996.

*J. Ellis Millsaps*, for appellant.
*Alan A. Cook, District Attorney*, for appellee.