## S98G0562. BARLOW v. THE STATE.
### (507 SE2d 416)

CARLEY, Justice.

Timothy Barlow was convicted of two counts of child molestation. He appealed, enumerating as error the trial court's refusal to permit him to introduce expert evidence concerning the techniques used by a police detective in a videotaped interview of the victim. The Court of Appeals affirmed. *Barlow v. State*, 229 Ga. App. 745 (494 SE2d 588) (1997). We granted certiorari to consider the exclusion of the expert testimony proffered by Barlow. We conclude that such testimony involves an area of expertise beyond the ken of the average layman and, therefore, that the defendant in a child molestation case is entitled to introduce expert testimony for the limited purpose of providing the jury with information about proper techniques for interviewing children and whether the interviewing techniques actually utilized were proper. Accordingly, we reverse the judgment of the Court of Appeals.

Although this case is one of first impression in Georgia, we have found considerable guidance from other jurisdictions. "Opinions of experts on improper or suggestive techniques employed by individuals investigating allegations of sexual abuse of children have been allowed in several jurisdictions." *State v. Sloan*, 912 SW2d 592, 596 (Mo. App. E.D. 1995). See also *State v. Kirschbaum*, 535 NW2d 462, 466 (Wisc. App. 1995). Indeed, we have found only one case which holds that such expert testimony is inadmissible. *State v. Ellis*, 669 A2d 752, 753-754 (Me. 1996). The basis for the majority rule is that the propriety and effect of interviewing techniques in child sexual abuse cases "is a subject with which a lay juror may be unfamiliar." *State v. Kirschbaum*, supra at 467. Testimony intended to show that an investigating officer's questions of the child victim were inappropriate "represents evidence only an expert could give on matters not within the knowledge of a juror. It would assist the jury directly in evaluating the weight given to [that] testimony. . . ." *State v. Sloan*, supra at 597.

> Special interviewing processes are necessary to get information from child victims, who are often immature, inarticulate, frightened, and confused about the abuse they have received. Most jurors lack the knowledge of accepted practices in interviewing child victims, and expert testimony on the issue is therefore admissible.

*State v. Gersin*, 668 NE2d 486, 488 (Ohio 1996).

The defendant in a child molestation case is entitled to a thorough and sifting cross-examination of the State's witnesses. How-

ever, "cross-examination of a child witness could be ineffectual if the child sincerely takes his or her recollections to be grounded in facts and does not remember the improper interview procedures which may have suggested them." *State v. Kirschbaum*, supra at 467. Similarly, cross-examination of the interviewer is not necessarily sufficient.

> Child sexual abuse cases are a special lot. A major distinguishing aspect of a child sexual abuse case is how the victim came to relate the facts which led to the bringing of criminal charges. A defendant not only should be able to cross-examine prosecution witnesses regarding how they obtained their information, but also should have the chance to present expert testimony as to how such information is ideally obtained. Prosecutors are free to cross-examine, or to question the idea that there is only one blanket method of interviewing that should be applied to every child.

*State v. Gersin*, supra at 488.

Of course, an expert witness for the defense cannot give an opinion that the victim made false allegations of molestation, because such testimony directly addresses the credibility of the victim. *Campbell v. State*, 221 Ga. App. 135, 136-137 (470 SE2d 524) (1996). However, the fact that limited expert testimony regarding proper interview techniques indirectly involves the child's credibility does not render it inadmissible. *State v. Butler*, 256 Ga. 448, 450 (2) (349 SE2d 684) (1986). See also *State v. Gersin*, supra at 488 (distinguishing a case similar to *Campbell* because the ultimate issue of the particular child's veracity is still left to the jury); *State v. Malarney*, 617 S2d 739, 740-741 (Fla. App. 4 Dist. 1993); *State v. Michaels*, 642 A2d 1372, 1383 (N.J. 1994).

The Court of Appeals has previously permitted a law enforcement officer to testify as an expert witness, based upon his experience in investigating sex offenses and his training in the techniques associated with interviewing child victims of such offenses. *Bevil v. State*, 220 Ga. App. 1, 2 (5) (467 SE2d 586) (1996). Indeed, the State in this case clothed the interviewer with expertise by eliciting testimony that he had extensive experience and training in investigating child sexual abuse and interviewing the victims thereof. Thus, as Barlow correctly observes, the exclusion of his expert's testimony produced an "uneven playing field." Allowing expert opinion testimony that the police detective in this case used improper interview techniques "represents a direct response to expert opinion offered by the state." *State v. Sloan*, supra at 596. See also *State v. Michaels*, supra at 1383.

Certainly, a trial court has the discretion to exclude expert testimony regarding how techniques of law enforcement officers and caseworkers could cause false memories or mistaken attributions, where the proffered testimony is not based upon either the facts within the expert's knowledge or other facts admitted in evidence. *Lane v. State*, 223 Ga. App. 740, 744 (7) (479 SE2d 350) (1996). However, the trial court did not rely upon any such deficiency in the proffered testimony of Barlow's expert. The State argues that the trial court concluded that Barlow's expert was not qualified. In fact, the trial court noted only that the qualifications of Barlow's expert were not "persuasive," but then went on to state that that lack of persuasiveness was not necessarily an issue in trying to decide whether to allow the testimony. What the trial court actually found was that the testimony did not "contain anything that would be uniquely the opinion of an expert beyond the ken of common man." This ruling is inconsistent with our holding and, therefore, we reverse the Court of Appeals' affirmance of the trial court's judgment.

*Judgment reversed. All the Justices concur.*

DECIDED SEPTEMBER 14, 1998 —
RECONSIDERATION DENIED OCTOBER 26, 1998.

*Cauthorn & Phillips, Thomas E. Cauthorn III, Bruce W. Phillips, Jason L. Nohr,* for appellant.

*Ben F. Smith, Jr., District Attorney, Debra H. Bernes, Nancy I. Jordan, Frank R. Cox, Assistant District Attorneys, Peters, Roberts, Borsuk & Taylor, Douglas N. Peters, Davis, Zipperman, Kirschenbaum & Lotito, Nicholas A. Lotito,* for appellee.