A10A0145. WADE v. THE STATE.
(700 SE2d 827)

SMITH, Presiding Judge.

Bradley Wade appeals from his conviction for three counts of child molestation and one count of sexual battery. Wade contends the trial court erred in its admission of prior consistent statements of the victim and a child witness. He also asserts that he received ineffective assistance of counsel. For the reasons set forth below, we affirm.

1. Wade asserts that the trial court erred by admitting prior consistent statements of the victim and Wade's son in videotaped interviews that also included comments by the interviewer. According to Wade, the comments "should have been eliminated from the tape before showing it to the jury."[1] With regard to the victim, Wade

---

[1] Wade does *not* contend that the trial court improperly admitted the prior consistent statements of the victim and the child witness. Instead, he complains only about the admission of the interviewer's comments on the videotapes.

complains about comments that appear in a portion of the videotape that the trial court ruled would *not* be presented for the jury. Nothing in the record before us demonstrates that this portion of the videotape was played for the jury, and Wade's counsel made no objection after the videotape was played. As a result, we find no merit in this portion of Wade's argument.

With regard to his son's interview, Wade complains generally about "the interviewer making statements which are not statements made by [his son]." He does not, however, point to any specific comments made by the interviewer to support his claim that he suffered prejudice by their admission. Moreover, the portion of the trial transcript where this videotape was played demonstrates that Wade's trial counsel and the State agreed to play only a portion of the videotape, that an unidentified portion of the videotape was played, and that Wade's counsel made no objection after the videotape was played. Wade "bears the burden of proving error affirmatively by the record." (Citations and footnote omitted.) *Nowill v. State*, 271 Ga. App. 254, 259 (5) (609 SE2d 188) (2005). "[I]t is not the function of this court to cull the record on behalf of a party in search of instances of error." (Citation and punctuation omitted.) *Mathis v. State*, 299 Ga. App. 831, 835 (1) (b), n. 15 (684 SE2d 6) (2009). Admission of the interviewer's statements alone, without a demonstration of prejudice from specific comments, does not warrant a new trial. See *Nowill*, supra; *Turner v. State*, 253 Ga. App. 760, 762 (2) (560 SE2d 539) (2002).

2. Wade contends he received ineffective assistance of counsel because his trial attorney: (1) failed to seek disclosure of potentially exculpatory evidence; (2) underutilized the forensic expert he retained; (3) failed to know that the Georgia rape shield statute (OCGA § 24-2-3 (a)) did not apply to child molestation or sexual battery cases and failed to make a coherent argument on the matter to the court; (4) failed to learn Georgia law on child molestation; (5) failed to present expert testimony that the victim and the child witness (Wade's son) did not display behavior typical for children who had their alleged experiences; and (6) failed to introduce expert testimony about the proper techniques for interviewing children.

To succeed on an ineffective assistance claim, a criminal defendant must demonstrate both that his trial counsel's performance was deficient and that there is a reasonable probability that the trial result would have been different if not for the deficient performance. *Strickland v. Washington*, 466 U. S. 668, 687-688 (III) (104 SC 2052, 80 LE2d 674) (1984); *Miller v. State*, 285 Ga. 285, 285-287 (676 SE2d 173) (2009). "A trial court's finding that a defendant has not been denied effective assistance of trial counsel will be affirmed unless clearly erroneous." (Citations omitted.) *Scapin v. State*, 204 Ga. App.

725 (420 SE2d 385) (1992).

(a) We find no merit in Wade's claim that his counsel failed to learn Georgia law on child molestation and did not know that the Georgia rape shield statute did not apply to child molestation and sexual battery cases based upon trial counsel's testimony to the contrary during the motion for new trial hearing. To the extent Wade argues that this alleged lack of knowledge precluded a defense based upon an alleged sexual relationship between the victim and Wade's son, trial counsel testified that he actually considered and rejected this defense as a matter of trial strategy.[2] "[M]atters of reasonable trial tactics and strategy, whether wise or unwise, do not amount to ineffective assistance of counsel." *Smallwood v. State*, 296 Ga. App. 16, 23 (4) (b) (673 SE2d 537) (2009). And even though counsel decided to advocate a different defense, he still brought out some evidence from which a jury could infer that such a relationship existed. This claim of ineffective assistance of counsel has no merit.

(b) Wade claims his trial counsel failed to obtain and review the tape, transcript, and forensic report for an April 21, 2006 interview of Wade's son, as well as similar evidence with regard to his three siblings. He also asserts his attorney should have obtained the victim's school and medical records.

In the motion for new trial hearing, trial counsel testified that he "watched and read everything that was produced for me." He explained that the district attorney's office had

> pretty much an open file policy and you can just get whatever you want out of the file. I wanted the whole file, I got whatever was in the file, to my knowledge. Now, if it wasn't in their file, I didn't get it. If it was in their custody, I mean, it's been my experience with them you can have what's in their file.

He explained that he did not recall specifically looking in the State's file and that the State usually gave him a copy of its contents. If his file did not include videotapes of certain interviews, it means the State did not make a copy for him. Finally, he testified that he gave his "complete, total file" to Wade's new counsel and that "[i]f it was in my file it was read, if it's not in my file it wasn't read."

According to an expert who reviewed trial counsel's file, it did not include the following information: video and report for the son's first forensic interview; materials related to forensic interviews of

---

[2] We express no opinion as to whether evidence relating to such a defense should be allowed.

three of his siblings; and the victim's counseling, medical, and school records.

In his first forensic interview, the son denied any wrongdoing by Wade and asked "am I gonna see my dad today?" In a second interview and at trial, the son disclosed Wade's acts of molestation against the victim. In that second interview, the interviewer referred to the first interview in which the son denied any wrongdoing by Wade. At trial, the State brought out in direct examination that this witness initially denied any wrongdoing in an interview, and trial counsel cross-examined the son, his mother, and the forensic interviewer about the son's failure to initially disclose and the fact that he received counseling before disclosing.

With regard to the sibling interviews, trial counsel was aware that they had taken place from interview sheets in the State's file and concluded that the interviews contained nothing of significance. He acknowledged that he did not review the interview videotapes of the three-year-old twins.

In the three-year-old male twin's interview, he disclosed that his private parts had been touched by a boy or boys, but he did not identify Wade or anyone else as having done so. The three-year-old female twin did not disclose any inappropriate touching in her interview. Wade's fifteen-year-old female daughter disclosed that she saw Wade go into the bathroom when the victim and her brother were showering, but denied seeing any inappropriate touching. Counsel brought out the fact that this sibling denied seeing any inappropriate touching of the victim by Wade during cross-examination of the interviewer. According to the post-trial expert, the absence of disclosure "should have been considered when weighing the other statements in this case."

Finally with regard to the victim's medical and school records, the post-trial expert explained that her review showed "few behavioral indicators of abuse" and that this information should have been considered by trial counsel. The only specific information she points to is a notation that the victim was "[d]oing well in school."

After reviewing all of the above information, we conclude that Wade has failed to demonstrate a reasonable probability that the outcome would have been different if his counsel had obtained and reviewed this information. The differences between the son's first and second interview after a prolonged period of counseling were brought out in the trial. While the other siblings made no specific allegations of abuse against Wade, a portion of their statements could have been harmful to Wade's defense.[3] And finally, the school

---

[3] And testimony about no evidence of molestation of these children by Wade would *not*

records are unlikely to have had an impact on the outcome of trial. We also note that Wade's current counsel did not provide the expert retained by Wade's trial counsel a copy of missing information to determine if it would have changed his recommendation about *not* employing an expert witness to testify at trial on Wade's behalf.

(c) Wade's remaining ineffective assistance of counsel contentions with regard to trial counsel's use of expert witnesses also have no merit. Trial counsel testified that he consulted with an expert, and after weighing the pros and cons of calling an expert witness at trial, he decided, as a matter of trial strategy, not to do so.

> Trial tactics, however mistaken they may appear with hindsight, are almost never adequate grounds for finding trial counsel to have been ineffective so as to overturn a conviction. They provide no grounds for reversal unless such tactical decisions are so patently unreasonable that no competent attorney would have chosen them.

(Citation and footnote omitted.) *Smallwood*, supra, 296 Ga. App. at 23 (4) (b). And "this Court does not evaluate effectiveness of trial counsel by hindsight or by what present counsel would have done." Id at 25 (4) (e). In this case, "trial counsel's decision not to call an expert was reasonable trial strategy and does not support a claim of ineffective assistance of counsel." *Towry v. State*, 304 Ga. App. 139 (2) (f) (695 SE2d 683) (2010). "A defendant is entitled not to perfect representation but to reasonably effective assistance." (Citation and punctuation omitted.) *Turner v. State*, 246 Ga. App. 49, 57 (6) (539 SE2d 553) (2000).[4]

*Judgment affirmed. Mikell, J., concurs. Adams, J., concurs in judgment only.*

---

have been admissible. *Baine v. State*, 181 Ga. App. 856, 858 (2) (354 SE2d 177) (1987).

[4] The Supreme Court's opinion in *Barlow v. State*, 270 Ga. 54 (507 SE2d 416) (1998), does not require a different result. In *Barlow*, the Supreme Court held that expert testimony about child interviewing techniques can be admitted, not that it should always be submitted in every case. Id. at 55-56. See *Cupe v. State*, 253 Ga. App. 851, 857 (3) (e) (560 SE2d 700) (2002) (noting that Supreme Court in *Barlow* did not mandate that expert witnesses be called in all cases involving child victims). The same is true of our opinion in *Hall v. State*, 201 Ga. App. 626 (411 SE2d 777) (1991), in which we held that expert testimony about the typical behavior of a molested child can be permissible. Id. at 626 (2). Nowhere in this opinion did we state that such testimony is required for trial counsel to render effective assistance. Finally, our opinion in *Goldstein v. State*, 283 Ga. App. 1, 8-9 (3) (b) (640 SE2d 599) (2006), is distinguishable because in that case, unlike this one, trial counsel did not make a strategic decision against calling an expert witness after consulting with one. Instead, in *Goldstein*, such a consultation was not considered, and no strategic decision was made.

DECIDED JULY 8, 2010 —
RECONSIDERATION DENIED JULY 28, 2010 — 

*Linda S. Sheffield*, for appellant.
*Herbert E. Franklin, Jr., District Attorney, Leonard C. Gregor, Jr., Assistant District Attorney*, for appellee.