## A11A0040. GAWLAK v. THE STATE.
### (714 SE2d 354)

McFADDEN, Judge.

After a jury trial, Albert Gawlak was convicted of aggravated sexual battery, cruelty to children in the first degree and two counts of child molestation. He appeals, claiming that the trial court erred in refusing to allow him to testify about certain hearsay statements and that his trial counsel was ineffective. Because Gawlak did not perfect the record with a sufficient proffer of the excluded testimony, we cannot reach the merits of his first claim. The ineffective assistance claim is without merit since Gawlak has not shown that trial counsel's performance was deficient. Therefore, we affirm.

1. As Gawlak notes, his defense at trial was that the victim, his three-year-old daughter, was in fact molested, not by himself, but by another man, Andy Burt. Gawlak contends that the trial court erred in granting the state's motion in limine to exclude his own testimony about hearsay statements allegedly made to him by Burt's former wife, concerning statements purportedly made by Burt to her during her marriage to Burt.

> Where the error alleged is that certain evidence has been wrongfully excluded, the rule is well settled that there must have been a proffer or offer of a definite sort that both courts can know whether the witnesses really exist and that the evidence really exists. The record must show what questions were asked or what answers were expected from the witnesses. In the absence of this information, the assignment of error is so incomplete as to preclude its consideration by this court.

(Citations and punctuation omitted.) *French v. State*, 288 Ga. App. 775, 777 (3) (655 SE2d 224) (2007).

At the motion in limine hearing, Gawlak failed to make a proffer of a definite sort as to the specific questions that would have been asked or the answers that would have been expected concerning the

alleged out-of-court statements by Burt and his ex-wife. Even after the trial judge said at the hearing, "I'm not privy to the actual statements. I don't know what was said[,]" Gawlak still did not make a detailed proffer of the purported hearsay statements and anticipated testimony. Gawlak's reliance on *Boivin v. State*, 298 Ga. App. 411, 413-414 (2) (680 SE2d 415) (2009), in which we held that testimony about certain out-of-court statements was not inadmissible hearsay because it was offered to explain the defendant's conduct, is misplaced because the defendant in that case, unlike Gawlak, made a detailed proffer of the anticipated testimony before the trial court excluded it. Id. at 413 (2).

In support of his motion for new trial, Gawlak testified about specific statements Burt's former wife had made in his presence. "However, [Gawlak] should have offered that evidence at trial, [during the motion in limine hearing], so that the trial judge could have conducted the analysis required[.]" (Citations and punctuation omitted.) *Johnson v. State*, 246 Ga. App. 239, 242 (4) (539 SE2d 914) (2000). Because Gawlak failed to make a sufficient proffer of the excluded hearsay evidence at trial, there is nothing for us to consider. See *Holder v. State*, 242 Ga. App. 479, 482 (5) (529 SE2d 907) (2000) (no proffer after ruling); *Dent v. State*, 220 Ga. App. 147, 149 (3) (469 SE2d 311) (1996) (defendant failed to make adequate proffer after state's hearsay objection was sustained).

2. Gawlak claims that his trial counsel was ineffective in (a) failing to present expert testimony, (b) failing to object to testimony that bolstered the victim's credibility and (c) failing to object to the state's closing argument that all the experts who testified at trial agreed that the victim was molested by Gawlak.

> To establish ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that the deficient performance prejudiced his defense. The test is whether there is a reasonable probability the jury would have reached a different verdict, absent the error of counsel. Further, [the defendant] must overcome the strong presumption that defense counsel's conduct falls within the broad range of reasonable professional conduct. A trial court's finding that a defendant has not been denied effective assistance of counsel will be affirmed unless clearly erroneous.

(Citations and punctuation omitted.) *Vaughn v. State*, 307 Ga. App. 754, 758 (4) (706 SE2d 137) (2011).

(a) Gawlak contends that his trial counsel should have presented expert testimony pursuant to both *Barlow v. State*, 270 Ga. 54 (507

SE2d 416) (1998), which authorizes expert testimony about child interviewing techniques, and *Hall v. State*, 201 Ga. App. 626 (411 SE2d 777) (1991), which authorizes expert testimony about the typical behavior of molested children. These contentions are without merit. *Barlow* and *Hall* hold that such expert testimony is authorized, not that it must be admitted in every case. See *Wade v. State*, 305 Ga. App. 382, 386 (2) (c), n. 4 (700 SE2d 827) (2010) (physical precedent only); *Cupe v. State*, 253 Ga. App. 851, 857 (3) (e) (560 SE2d 700) (2002).

Trial counsel considered and investigated the possibility of presenting expert testimony pursuant to *Barlow*, but ultimately decided against it. At the motion for new trial hearing, Gawlak's trial attorney testified that he believed he could deal with the interview techniques issue on cross-examination of the expert witnesses who had interviewed the child victim. And at trial, the attorney did in fact extensively cross-examine both of those witnesses about their interviewing techniques.

> The decision of how to deal with the presentation of an expert witness by the opposing side, including whether to present counter expert testimony, to rely upon cross-examination, to forego cross-examination and/or to forego development of certain expert opinion, is a matter of trial strategy which, if reasonable, cannot be the basis of a successful ineffective assistance of counsel claim. [Cits.]

*Thomas v. State*, 284 Ga. 647, 650 (3) (b) (670 SE2d 421) (2008). Here, trial counsel's decision to forego presentation of counter expert testimony and to rely instead on cross-examination to address the interviewing techniques of the state's witnesses was a matter of trial strategy, "and [Gawlak] did not establish that [this] tactical decision was unreasonable." *Phillips v. State*, 285 Ga. 213, 223 (5) (i) (675 SE2d 1) (2009). Although Gawlak's appellate counsel might have made a different tactical decision, effectiveness of trial counsel is not evaluated by hindsight or by what present counsel would have done. *Smallwood v. State*, 296 Ga. App. 16, 25 (4) (e) (673 SE2d 537) (2009). Accordingly, the trial court did not clearly err in concluding that trial counsel's decision not to call a *Barlow* expert was a reasonable strategy that does not amount to ineffective assistance. See *Towry v. State*, 304 Ga. App. 139, 147 (2) (f) (695 SE2d 683) (2010) (decision not to call expert in child interviewing techniques was reasonable trial strategy).

Gawlak also argues that his lawyer should have presented expert testimony pursuant to *Hall* showing that his daughter's behavior was inconsistent with that of a child who had been sexually abused.

Trial counsel considered and investigated this possibility. But this type of expert testimony would have been inconsistent with counsel's defense theory that the child was in fact sexually abused by someone other than Gawlak. Accordingly, "[Gawlak] has failed to show that trial counsel's strategic decision in this regard was an unreasonable one no competent attorney would have made under similar circumstances." (Citations and punctuation omitted.) *Davis v. State*, 286 Ga. 74, 78 (3) (686 SE2d 249) (2009) (no ineffective assistance where counsel did not present expert testimony that would have been inconsistent with defense theory).

(b) Gawlak argues that trial counsel was ineffective in failing to object to testimony of several witnesses who allegedly bolstered the victim's credibility. Gawlak has not indicated where in the transcript of the new trial hearing he asked trial counsel about this matter. Although it is not the function of this court to cull the record on behalf of a party in search of instances of error, *Mathis v. State*, 299 Ga. App. 831, 835 (1) (b), n. 15 (684 SE2d 6) (2009), we have reviewed trial counsel's testimony at the new trial hearing and have found no testimony about any of his decisions not to object to the testimony in issue. Gawlak's "failure to ask trial counsel about this matter at the new-trial hearing means that we must presume counsel was acting strategically, thereby vitiating any ineffective assistance claim." (Citations and punctuation omitted.) *Jones v. State*, 304 Ga. App. 109, 114 (2) (b) (695 SE2d 665) (2010). See also *Allen v. State*, 299 Ga. App. 201, 204 (1) (b) (683 SE2d 343) (2009) (any decision not to object is presumed to be a strategic one that does not amount to ineffective assistance where defendant failed to question counsel about it at new trial hearing).

(c) Gawlak contends that trial counsel was ineffective in failing to object to the state's closing argument that all of the experts who testified at trial agreed that the victim had been molested by Gawlak. This contention is not supported by the record; the state did not make such an argument. Rather, the prosecutor argued that the experts agreed that the child had been molested, and that a videotape, in which the child accused Burt, had been coached. "As a general rule, prosecutors are granted wide latitude in conducting closing argument. . . . This wide latitude encompasses the prosecutor's ability to argue reasonable inferences raised by the evidence." (Citation and punctuation omitted.) *Brown v. State*, 293 Ga. App. 633, 637 (1) (d) (ii) (667 SE2d 899) (2008). Contrary to Gawlak's contention, the argument made by the prosecutor was a reasonable inference from the evidence and fell well within the wide latitude allowed for closing argument. Because the prosecutor's argument was permissible, "trial counsel's failure to object to it cannot serve as the basis for an ineffective assistance claim in this instance."

(Footnote omitted.) *Hill v. State*, 290 Ga. App. 140, 147 (5) (h) (658 SE2d 863) (2008).
  *Judgment affirmed. Phipps, P. J., and Andrews, J., concur.*

DECIDED JUNE 21, 2011 —
RECONSIDERATION DENIED JULY 13, 2011 —

  *Peters, Rubin & Sheffield, Douglas N. Peters, Jason B. Sheffield*, for appellant.
  *Penny A. Penn, District Attorney, Sandra A. Partridge, Assistant District Attorney*, for appellee.